IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-cv-340 (MTT) |
| ) | |
| Commissioner TIMOTHY WARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends dismissing plaintiff Waseem Daker's complaint (Doc. 1) "for his bad faith failure to comply with the permanent injunction entered by the United States District Court for the Northern District of Georgia."  Doc. 6.  The Magistrate Judge further ordered Daker to show cause why the United States District Court for the Middle District of Georgia should not impose and enforce similar filing restrictions against him, and informed Daker of his right to file objections to the dismissal of his complaint.  *Id*. at 9-12.  The Court granted in part Daker's request for an extension of time to respond, and gave him until March 2, 2023 to file his response and objections.  Docs. 7; 8; 9.  Having received no objection, the Court entered an Order adopting the Recommendation on March 13, 2023.  Doc. 10.  On March 15, 2023, the Court received Daker's response and objection.  Docs. 12; 14.  The Court assumes Daker timely filed his response and objection,[1] and thus the Court **VACATES** its prior Order (Doc. 10) and Judgment (Doc. 11).

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  "Absent

Pursuant to 28 U.S.C. § 636(b)(1), the Court now reviews the Magistrate Judge's Recommendation (Doc. 6) de novo.

**A. Daker's Objection to the Magistrate Judge's Recommendation of Dismissal**

When Daker filed this action, he was required by court order to include (1) a copy of the Northern District's injunction order, and (2) "a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court along with the final disposition of each lawsuit, petition or appeal." *Daker v. Deal*, No. 1:18-cv-5243-WMR, Doc. 57 at 19 (N.D. Ga. Aug. 4, 2020) *aff'd sub nom*. *Daker v. Governor of Ga.*, 2022 WL 1102015 (11th Cir. 2022) (hereinafter, "Northern District Injunction"). The Magistrate Judge recommends dismissing Daker's complaint because Daker failed to comply with either requirement. Doc. 6 at 1-9. Daker makes various arguments in opposition to dismissal. Doc. 14.

First, Daker asserts that "[t]he magistrate erred in recommending dismissal or presuming that Mr. Daker acted in bad faith without first issuing a show-cause order or otherwise allowing him an opportunity to be heard or explain why he failed to comply with the Northern District of Georgia's Injunction." *Id*. at 2. Because the Court afforded him an opportunity to be heard through his objection, the Court rejects Daker's first argument.

Next, Daker argues dismissal is not warranted because his first amended complaint complies with the Northern District Injunction. Docs. 13 at 54-62; 14 at 2-3. However, Daker's amended complaint is not timely under the Federal Rules of Civil

---

evidence to the contrary," courts must "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Daker signed his objection and response on March 2, 2023. Docs. 12 at 44; 14 at 20.

-2-

Procedure. Doc. 13. Federal Rule of Civil Procedure 15(a), as amended in 2009, allows a plaintiff to amend his complaint in four circumstances: (1) as a matter of course within twenty-one days after service; (2) as a matter of course within twenty-one days after the service of a responsive pleading or Rule 12 motion; (3) with the opposing party's written consent; or (4) with the court's leave. Daker's amended complaint was filed without the defendants' consent, without leave from the Court, and more than five months after he filed the operative complaint. Doc. 13. Moreover, Daker's failure to comply with the Northern District Injunction has resulted in a dismissal before service on the defendants. Because the time for Daker to serve the operative complaint had not yet been reached, the window for filing an amended complaint as a matter of course had not yet opened.[2]

Finally, Daker argues his failure to comply with the Northern District Injunction is due to misconduct by the defendants. Doc. 14 at 3-20. He alleges defendants have denied "him access to his stored legal materials," have destroyed "his only copy of" the Northern District Injunction, and have denied "him access to photocopying with which to copy" the Northern District Injunction order.[3] *Id*. But Daker did not even *attempt* to comply with the Northern District Injunction. He did not mention the injunction in the

---

[2] Even if the Court construed Daker's amended complaint as a motion for leave to amend, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile, such as when the complaint amended is still subject to dismissal." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (internal quotation marks and citations omitted). Here, Daker's amended complaint would still be subject to dismissal for failure to comply because he did not attach a copy of the Northern District Injunction order. Doc. 13. Moreover, dismissal is still proper despite Daker's belated efforts to comply with the injunction because permitting Daker to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam).

[3] Daker had no issue providing an extensive list of his cases in his improperly filed amended complaint. Doc. 13 at 54-62.

operative complaint, nor did he list "each and every" case he has filed in every federal court. Docs. 1 at 3 (listing only fifteen of his cases); 1-1. The Supreme Court has stated that it is "established doctrine that persons subject to an injunctive order … are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, 445 U.S. 375, 386 (1980); *see also Smith Barney, Inc. v. Hyland*, 969 F.Supp. 719, 722 (M.D. Fla. June 9, 1997) ("Where an injunction is ordered, the parties are bound to obey it and are under an obligation to take steps to insure that violations of the order, even inadvertent, do not occur."). Thus, the Court concludes that, because "there was not even an attempt [by Daker] at compliance with [the injunction's] requirements," dismissal is warranted. *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993); *see also* Doc. 6 at 8 ("Plaintiff's willful misconduct in this case, coupled with his extensive history of abusing the judicial process, demonstrates that dismissal of this action is both appropriate and necessary to deter further misconduct.").

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 6) is **ADOPTED** and made the order of the Court. Accordingly, Daker's complaint (Doc. 1) is **DISMISSED**.

**B. Permanent Injunction**

After a careful review of Daker's response (Doc. 12) to the January 31, 2023 Order directing him to respond and show cause why sanctions should not be entered against him in the Middle District (Doc. 6 at 9-12), the Court concludes that sanctions

are appropriate to curtail Daker's abuse of the Middle District's resources.  The Court thus **PERMANENTLY ENJOINS** Daker as described below.

*1. Background and Procedural History*

Daker is a notorious "extraordinarily prolific serial litigant" who has "clogged the federal courts with frivolous litigation." *Daker v. Ward*, 999 F.3d 1300, 1302 (11th Cir. 2021) (internal quotation marks omitted).  Despite this, Daker has—until relatively recently—"come out looking somewhat like Mr. Magoo, wreaking havoc wherever he goes but … coming out largely unscathed." *Daker v. Toole*, 736 F. App'x 234, 235 (11th Cir. 2018) (per curiam).  On August 4, 2020, the Northern District of Georgia entered a permanent injunction requiring Daker to submit a $1,500.00 contempt bond before filing or attempting to file any new lawsuit or petition in that court. *Daker v. Deal*, No. 1:18-cv-5243-WMR, Doc. 57 at 17-18.  The court warned Daker that if a presiding judge finds any of Daker's future filings to be frivolous or duplicative, the judge may impose a sanction against Daker to be paid from that contempt bond.  *Id.* at 18.  The court also directed Daker to include a copy of the injunction and a list of his complete federal court litigation history "with every lawsuit he files in *this or any other federal court*."  *Id.* at 19 (emphasis in original).  The court further advised Daker that any future action would be summarily dismissed if Daker submits it to the court without posting a contempt bond, without a copy of the injunction, or without a listing of his prior litigation history.  *Id*.  On April 13, 2022, the Eleventh Circuit affirmed the Northern District's imposition of the injunction. *Governor of Ga.*, 2022 WL 1102015, at *2.

The Southern District of Georgia recently followed suit, permanently enjoining Daker in the same manner after providing Daker notice and an opportunity to be heard.

*Daker v. Ward*, No. 6:22-cv-36-JRH-BKE, Doc. 24, 2023 WL 418695, at *1 (S.D. Ga. Jan. 26, 2023).

On January 31, 2023, the Court determined it may be time to join the Northern and Southern Districts.  To that end, the Magistrate Judge ordered Daker to respond and show cause why the Middle District should not enter the same filing restrictions entered by the Northern District.  Doc. 6 at 9-12.  The Court received Daker's 44-page response on March 15, 2023—more than a week after it was due—but the document was signed and dated on March 2, 2023, which, as previously mentioned, would make it timely under the prison mailbox rule.  Docs. 12; 12-1.

*2. Standard for Imposing Permanent Injunction*

As the Magistrate Judge correctly observed, "[a]ccess to the courts is unquestionably a right of considerable constitutional significance," but it is "neither absolute nor unconditional."  *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)).  "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons.  Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants."  *Id.*  "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."  *Klayman v. DeLuca*, 712 F. App'x 930, 932-33 (11th Cir. 2017) (per curiam) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073) (11th Cir. 1986) (en banc) (per curiam)).  The All Writs Act codifies this inherent power and authorizes a district court "to restrict access to vexatious and abusive litigants."  *Miller*, 541 F.3d at 1096; 28 U.S.C. § 1651(a).  Such

restrictions, however, must be measured and tailored to the specific circumstance and should seek to protect access to the courts for litigants. *See Smith v. United States*, 386 F. App'x 853, 857 (11th Cir. 2010) (per curiam).

*3. Daker's Repeated Abuse of the Judicial Process*

Daker has unquestionably taxed the courts' judicial resources. A recent search of court records reveals that Daker has filed well over three hundred actions and appeals in the United States District Courts and Courts of Appeals. While the bulk of his cases have been filed in the Georgia district courts and the Eleventh Circuit, Daker has also filed cases in federal courts in California, Illinois, Iowa, New York, Washington, Washington D.C., and the Second, Seventh, Eighth, and Ninth Circuits. *See* PACER, https://pcl.uscourts.gov/pcl/index.jsf (searched "Daker, Waseem") (last accessed Mar. 28, 2023). A search of the United States Supreme Court's docket shows Daker has filed nearly 80 additional matters there. Supreme Court of the United States, *Docket Search*, https://www.supremecourt.gov/docket/docket.aspx (searched "Waseem Daker") (last accessed Mar. 28, 2023). And although Daker's filings in the Georgia state and appellate courts are not easily searchable, the Georgia Supreme Court previously placed filing restrictions on Daker because he filed "over 100 cases in this Court, virtually all lacking in merit and often showing a willingness to ignore or attempt to evade this Court's rules." *Allen v. Daker*, 311 Ga. 485, 505-06, 858 S.E.2d 731, 747 (2021).

As if the sheer number of Daker's filings were not enough to overburden the courts, his litigation tactics have "not made it easy for the district court[s] to reach the merits of his claims." *Toole*, 736 F. App'x at 235. Daker typically "flood[s]" the courts

-7-

"with numerous disputes (regarding matters including his IFP status, various motions to recuse, various motions for reconsideration, and requests for release on his own recognizance)." *Id.* These filings are often copied, pasted, and filed as a matter of course in each of Daker's cases, whether they are relevant or not, as evidenced by the fact that the filings often refer to the wrong court or judges. *See, e.g.,* Doc. 12 at 1 n.1 (referring to the Southern District of Georgia's local rules); *id.* at 2 (using wrong dates and docket numbers); *id.* at 29 (referring to incorrect magistrate judge and district). Daker also frequently attempts to relitigate issues that have already been decided against him. *Daker v. Head*, 2022 WL 2903410, at *3 (11th Cir. July 22, 2022) (holding that "Daker's repeated decisions to pursue IFP status no matter if he is indigent shows a blatant history of abuse of the judicial system"); *Daker v. Bryson*, 2017 WL 11427081, at *6 (M.D. Ga. Dec. 29, 2017) ("The fact that Plaintiff continues to file his repetitive claims against the GDC Defendants in this District after being warned that such claims are improper demonstrates that his filing of those claims in this case has no legitimate purpose."); *Daker v. Owens*, 2021 WL 569034, at *1 (S.D. Ga. Feb. 16, 2021) (describing how proceedings were further complicated "by Plaintiff's non-stop attempts to file motions regarding allegations and legal theories the Court has already addressed but still require attention due to Plaintiff's duplicative and repetitive filings"); *see also* section 4, *infra.*

In addition, Daker shows little regard for the orders and rules of the courts in which he prosecutes his claims. Daker has no qualms with filing documents that fail to comply with court rules, even when he is warned not to do so. *See, e.g., Daker v. Robinson*, 2014 WL 202712, at *1 (N.D. Ga. Jan. 16, 2014) ("Daker has been

-8-

repeatedly cautioned that it is a violation of this Court's Local Rules to file motions for reconsideration as a matter of routine practice and that motions for reconsideration of the denial of earlier motions for reconsideration are prohibited.  Nevertheless, Daker has done exactly that here.") (internal citation omitted)); *Daker v. Dozier*, 2017 WL 4797522, at *2 (M.D. Ga. Oct. 24, 2017) (finding that Daker "has abused the judicial process through the repeated filings of [motions for reconsideration], blatantly disregarding this Court's Local Rule"); *Ward*, 2023 WL 418695, at *5 (striking thirty-eight pages of Daker's objections because they exceeded the page limitation set forth in the Southern District's local rules).  Daker has also had multiple cases dismissed for failing to comply with court orders or rules.  *See, e.g., Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (per curiam) (affirming dismissal of Daker's claims for failing to file an amended complaint that complied with district court's orders and instructions); *Daker v. Owens*, 850 F. App'x 731, 733-34 (11th Cir. 2021) (per curiam) (same); *Daker v. Daker*, 2021 WL 4852416, at *2-3 (11th Cir. Oct. 19, 2021) (per curiam) (same); *see also Daker v. Owens*, No. 5:12-cv-459-CAR-MSH, Doc. 388 (M.D. Ga. May 8, 2017) (dismissing amended complaint as a sanction under Federal Rule of Civil Procedure 41(b) due to Daker's "blatant disregard for the Court's orders, procedures, and resources.").

      Daker likewise disregards the duty of candor he owes the courts.  Daker has intentionally misled the Middle District and other district courts on multiple occasions. *Head*, 2022 WL 2903410, at *3 (noting that "[s]ince 2016, courts, including this one, have found Daker's allegations of poverty to be either disingenuous or outright false"); *Daker v. Dozier*, 2018 WL 582581, at *4 (S.D. Ga. Jan. 29, 2018) (adopting recommendation to dismiss for abuse of the judicial process and finding Daker

"exhibited bad faith and an overall lack of candor before the Court"); *Daker v. Owens*, 2021 WL 1321335, at *5 (M.D. Ga. Jan. 5, 2021) (finding that Daker "not only made false representations to the court concerning his indigence" but also failed to correct the court when it found he did not have sufficient resources to pay filing fee even though "he did, in fact, have 'sufficient resources' to pay the fee"), *recommendation adopted*, No. 5:20-cv-354-TES-CHW, Doc. 257 (M.D. Ga. Apr. 14, 2021) (dismissing complaint with prejudice under 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 11 because Daker "intentionally misled the Court about his IFP status"); *Daker v. Warren*, 1:12-cv-2605-RWS, Doc. 38 (N.D. Ga. Mar. 4, 2015) (stating that "[i]t appears that Daker has repeatedly abused the judicial process by filing IFP affidavits that conceal and/or misstate his true assets and income"). He has also engaged in multiple attempts to manipulate the judicial process. *See, e.g., Daker v. Bryson*, 2018 WL 9598914, at *12 (M.D. Ga. July 19, 2018) (finding that Daker's "repeated attempts to join unrelated claims and defendants are malicious … because Plaintiff is a three-striker who is attempting to manipulate the federal rules so that he may litigate claims the PLRA would otherwise bar him from bringing."); *Ward*, 999 F.3d at 1303 ("Daker has also attempted without success to intervene in civil actions filed by other Georgia prisoners, in part because his motions were deemed efforts to circumvent the requirement to pay a filing fee."); *Bryson*, 841 F. App'x at 121 (affirming dismissal of Daker's claims as malicious where court "appropriately concluded" that Daker improperly "use[d] … process to file a new suit in an effort to avoid court orders in a previous suit"); *Daker v. Laidler*, 2021 WL 5629262, at *5 (M.D. Ga. Oct. 6, 2021) ("Plaintiff's attempt to relitigate his prior

-10-

unsuccessful claims in a different venue is 'plainly part of a longstanding pattern of abusive and repetitive lawsuits' and constitutes an abuse of the judicial process.").

Neither Daker's "status as a 'three-striker' under § 1915(g)" nor "the warnings of this and other districts have failed to dissuade plaintiff's abusive behavior." *Deal*, No. 1:18-cv-5243-WMR, Doc. 57 at 17. And even the dismissal of multiple complaints has not stopped Daker from pursuing his claims in a manner that suggests he is more interested in embroiling the parties (and the courts) in litigation rather than obtaining relief. Daker's willingness to continue this conduct unabashed in the Middle District and other courts plainly demonstrates that the restrictions set forth below and approved by the Eleventh Circuit are necessary to protect the resources and integrity of the Middle District, are narrowly tailored to Daker's specific circumstances, and preserve his right to access the courts.

*4. Daker's Response to the Show Cause Order*

Most of the arguments made by Daker in his response to the show cause order in this case were also raised in his appeal of the Northern District's injunction order. *Compare, e.g., Daker v. Deal*, No. 20-13602, Doc. 25 at 22-23 (11th Cir. Nov. 24, 2021) (arguing that lack of photocopy access prohibits him from complying with injunction) *with* Doc. 12 at 6-7 (same); *Deal*, No. 20-13602, Doc. 25 at 71 (arguing that the requirement to attach a list of cases to future complaints was abuse of discretion because "the district court already has access to all of Plaintiff's federal filings through PACER and access to each court's dockets") *with* Doc. 12 at 42 (same); *Deal*, No. 20-13602, Doc. 25 at 71-72 (arguing that the requirement to attach a list of cases to future complaints was an abuse of discretion because he does not have access to all the

-11-

documents needed to compile such a list, in part because he does not have access to his legal papers from his first period of incarceration and because other "papers have been lost or destroyed in prison shakedowns or transfers") *with* Doc. 12 at 43 (same). Indeed, large portions of Daker's response to the Court's show cause order appear to have been copied almost verbatim from his appellate brief. *Compare, e.g., Deal*, No. 20-13602, Doc. 25 at 34-48 (arguing that the contempt bond requirement violates the Fifth Amendment Due Process Clause, the Fifth Amendment Takings Clause, the Eighth Amendment, the First Amendment right of court access, the First Amendment "breathing space" principle, the Habeas Corpus Suspension Clause, and statutes and rules including 18 U.S.C. §§ 401 and 402, 42 U.S.C. § 1995, 28 U.S.C. § 1914, Federal Rule of Criminal Procedure 42, and Federal Rule of Civil Procedure 11) *with* Doc. 12 at 17-28 (same). The Court likewise finds these arguments unavailing.

The Court also notes that despite his contention that he cannot comply with the injunction's requirement to provide a list of his federal cases without full access to his legal papers, Daker was able to compile an eight-page typed list of cases when he filed his amended complaint in this case. Doc. 13 at 55-62. Daker's assertion that he requires access to photocopying to comply with the injunction also rings hollow given the sheer number of documents Daker has been able to file in this and many other courts.

Daker also asserts that an injunction would be improper here because "his litigation in this Court has not been, and is not now, vexatious," and none of his cases in this district have been dismissed as frivolous, malicious, or for failure to state a claim. Doc. 12 at 30. That patently false argument confirms the need for sanctions. Doubling

down on falsity and doubling up on confirmation of the need for sanctions, Daker then argues "it cannot be said that *any* of Mr. Daker's cases in this district 'ha[ve] previously been found to be duplicative, frivolous, and abusive.'" *Id.* (alteration and emphasis in original).  The Middle District has dismissed multiple filings as duplicative, abusive, frivolous, malicious, or for failure to state a claim.  *See, e.g., Daker v. Dozier*, 2017 WL 3037420, at *5 (M.D. Ga. July 18, 2017) (dismissing as duplicative and "as malicious and abusive pursuant [to] 28 U.S.C. § 1915A(b)(1)" after finding that "when Plaintiff filed the present action in January of 2017, he knowingly brought claims that were essentially the same as those he was actively litigating in, not one, but two other cases before this Court"); *Laidler*, 2021 WL 5629262, at *5 (recommending dismissal for failure to state a claim and as frivolous and malicious pursuant to 28 U.S.C. § 1915A, declining to exercise supplemental jurisdiction over any state law claims), *recommendation adopted*, 2022 WL 1117099, at *6 (M.D. Ga. Apr. 14, 2022); *Bryson*, 2017 WL 11427081, at *5 (expressly finding that Daker's claims were harassing, vexatious, and constituted a bad faith effort to manipulate the judicial system), *recommendation adopted*, 2018 WL 9598914 (M.D. Ga. July 19, 2018).  Moreover, as noted above, the Middle District has also dismissed Daker's claims after finding that he lied to or misled the court, which plainly amounts to abusive conduct.  *Daker v. Head*, 2019 WL 3347180, at *1 (M.D. Ga. July 25, 2019) (dismissing complaint with prejudice because Daker's allegations of poverty were untrue); *Owens*, No. 5:20-cv-354-TES-CHW, Doc. 257 (dismissing complaint with prejudice because Daker's allegations of poverty were untrue and under Federal Rule of Civil Procedure 11 because Daker "intentionally misled the Court about his IFP status").

In short, nothing in Daker's response to the Court's show cause order demonstrates that the Middle District should not impose the same sanctions already approved by the Eleventh Circuit. Indeed, Daker's recycling of arguments that have already been rejected by the Eleventh Circuit and his demonstrably false statements are just further examples of Daker's bad faith litigation tactics and reinforce the Court's conclusion that an injunction is necessary.

*5. Order of Permanent Injunction*

For the foregoing reasons, the following restrictions shall be placed on Daker's ability to file additional cases in the Middle District:

Daker is henceforth **PERMANENTLY ENJOINED** from filing or attempting to file any new lawsuit or petition in the United States District Court for the Middle District of Georgia without first posting a $1,500.00 contempt bond in addition to paying the required filing fee. Daker is hereby **ON NOTICE** that he must refrain from filing frivolous or duplicative pleadings or motions in the United States District Court for the Middle District of Georgia, and his failure to so refrain may result in the imposition of sanctions. If any of Daker's future filings is deemed frivolous or duplicative, the presiding judge may impose a contempt sanction against Daker to be paid from the contempt bond. In the event of such a sanction, Daker will not be allowed to file any further lawsuits unless and until the contempt bond is replenished to the amount of $1,500.00.

If Daker is unable to afford the $1,500.00 contempt bond, he may move for modification. In order to do so, he must file the motion along with any future complaint. In that motion, Daker must set forth a comprehensive accounting of his assets and

affirm that the accounting is true under penalty of perjury by including the following language above his signature:

> I, Waseem Daker hereby declare, swear, and affirm that the foregoing information is true and correct.  I understand that, pursuant to 18 U.S.C. § 1623, "[w]hoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both."  I further understand that by making any false statement in this motion, I will be subject to prosecution under 18 U.S.C. § 1623.  I further acknowledge that the United States District Court for the Middle District of Georgia will, if it suspects I have provided false information in this motion, turn this motion over to the appropriate federal authorities for the purpose of investigating whether I should be prosecuted in federal court for perjury under 18 U.S.C. § 1623.  I further acknowledge that if I am convicted in federal court for a violation of § 1623, I face an enhanced sentence because I will have committed my crime while serving a sentence for a violation of law, and the federal sentencing guidelines, as a general matter, call for a longer sentence for those who have committed their crimes while serving a sentence of incarceration, probation, or parole.

The United States District Court for the Middle District of Georgia will consider and rule on any motion for modification of the contempt bond requirement before it considers the merits of Daker's claims or any other motions, applications, or petitions.  If the motion for modification is denied, the case will be summarily dismissed and any attached motions summarily denied.

In addition, Daker **MUST INCLUDE** with every lawsuit he files *in this or any other federal court* (1) a copy of this order, and (2) a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court along with the final disposition of each lawsuit, petition, or appeal.  Any complaint that Daker submits without posting the contempt bond (or a compliant motion as described above), without

a copy of this order, or without a list of his prior actions in federal court will be summarily dismissed.

If Daker posts a $1,500.00 contempt bond in connection with a case that he files, the Clerk of the United States District Court for the Middle District of Georgia will hold the funds (or whatever is left of those funds if sanctions have been imposed) to apply to future cases that Daker files.  If Daker does not file any cases in the United States District Court for the Middle District of Georgia for a one-year period, the Clerk will return the contempt bond funds to Daker.  However, the requirement that Daker file a $1,500.00 contempt bond in connection with any cases he files in the United States District Court for the Middle District of Georgia will remain in effect until further order of the United States District Court for the Middle District of Georgia regardless of whether any funds have been returned to him.[4]

**SO ORDERED**, this 3rd day of April, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] These filing restrictions conform to the restrictions upheld by the Eleventh Circuit. *Governor of Ga.*, 2022 WL 1102015.