IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-340 (MTT) |
| | ) |
| Commissioner TIMOTHY WARD, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER

Plaintiff Waseem Daker moves "to vacate and reconsider" the Court's April 3, 2023 Order (Doc. 15) and Judgment (Doc. 16).[1]  Doc. 20.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."

---

[1] "With the exception of motions filed pursuant to Fed. R. Civ. P. 59(e), motions for reconsideration shall be filed within fourteen (14) days after the entry of the order."  M.D. Ga. L.R. 7.6.  Daker's motion is dated April 30, 2023—twenty-seven days after the Court's Order and Judgment.  Doc. 20.  Thus, his motion for reconsideration is untimely.

*McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Moreover, "the only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (cleaned up).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Id*.

Daker argues the Court should vacate its Order and Judgment "to correct clear error and prevent manifest injustice" and because the Court "erred in dismissing the case with prejudice where the magistrate's R&R … recommended dismissal without prejudice."  Doc. 20 at 2-8.

First, Daker argues the Court committed clear error in holding that his first amended complaint was untimely and concluding that any amendment would nonetheless be futile.  *Id*. at 3-8.  However, Daker's argument regarding untimeliness rests upon a prior version of Federal Rule of Civil Procedure 15.  *Id*. at 4.  And his arguments regarding futility are equally without merit.  He states he failed to comply with the Northern District of Georgia's injunction because "he no longer has a copy" of the injunction, he did not have adequate time to compile a list of his cases, and he did not have "access" to the injunction.  *Id*. at 5-8.  It is difficult for the Court to believe Daker could not have obtained a copy of the injunction and a list of his cases through whatever legal research engine he uses to write his hundreds of court filings.  In any event, the Court previously addressed and rejected these futility arguments.  Doc. 15 at 3 n.2.

Second, Daker argues that because the Court did not "specify" whether dismissal of his complaint was with prejudice, it was "effectively with prejudice."  Doc. 20 at 8.

The Court did not dismiss Daker's complaint with prejudice. Daker's claims under the First Amendment, Religious Land Use and Institutionalized Persons Act, and Fourteenth Amendment arose from alleged conduct that took place between April 12, 2021 and March 2023. The earliest a statute of limitations began to run on any of these claims was April 12, 2023—nine days after the Court entered its Order and Judgment. *See* Doc. 13 at 5, 19. Thus, the Court did not, as Daker alleges, dismiss his complaint "effectively with prejudice." In any event, Daker does not provide a reason why a dismissal with prejudice would warrant relief from judgment, and the Court cannot find one.

      Accordingly, Daker's motion to vacate and motion for reconsideration (Doc. 20) are **DENIED**.

      **SO ORDERED**, this 30th day of May, 2023.

                                             S/ Marc T. Treadwell
                                             MARC T. TREADWELL, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT