IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| v. | **:** | Case No. 5:22-cv-340-MTT-CHW |
| | **:** | |
| COMMISSIONER TIMOTHY | **:** | |
| WARD, *et al.*, | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

## ORDER

Pending before the Court are Plaintiff's motion for relief from the Court's April 3, 2023 Order dismissing Plaintiff's Complaint (ECF No. 33) and his motion to modify the April 3rd Order (ECF No. 34).  For the following reasons, Plaintiff's motions are **DENIED.**

Plaintiff is an "extraordinarily prolific serial litigant" who has "clogged the federal courts with frivolous litigation."  *Daker v. Ward*, 999 F.3d 1300, 1302 (11th Cir. 2021) (internal quotation marks omitted).  To combat his vexatious filings, the Northern District of Georgia entered a permanent injunction on August 4, 2020, requiring Plaintiff to submit a $1500.00 contempt bond before filing or attempting to file any new lawsuit or petition in that court.  *Daker v. Deal*, ECF No. 57 in Case No. 1:18-cv-05243-WMR (N.D. Ga. Aug. 4, 2020) (hereinafter, the "Northern District Injunction").  In the Northern District Injunction, the court warned Plaintiff that if a presiding judge finds any of Plaintiff's future filings to be frivolous or duplicative, the judge may impose a sanction against Plaintiff to be paid from that contempt bond.  *Id.* at 18.  The court also directed Plaintiff to include a

copy of the injunction and a list of his complete federal court litigation history "with every lawsuit he files in *this or any other federal court*." *Id.* at 19 (emphasis in original). The court further advised Plaintiff that any future action would be "summarily dismissed" if Plaintiff submits it to the court without posting a contempt bond, without a copy of the injunction, or without a listing of his prior litigation history. *Id.*

Plaintiff appealed the issuance of the Northern District Injunction, arguing that the district court lacked jurisdiction to order him to report his litigation history to other courts. *Daker v. Governor*, No. 20-13602, 2022 WL 1102015, at *2 (11th Cir. Apr. 13, 2022). The Eleventh Circuit disagreed and affirmed the Northern District Injunction and expressly held that "reporting litigation history to other tribunals ensures enforcement of the injunction, which 'operate[s] continuously and perpetually upon' and is 'binding upon [Daker] . . . throughout the United States." *Id.* (quoting *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 451 (1932) (alterations in original)). Several months later, the Southern District of Georgia permanently enjoined Plaintiff in the same manner—to include the litigation history requirement—after providing Plaintiff notice and an opportunity to be heard. *Daker v. Ward*, No. CV 622-036, 2023 WL 418695, at *1 (S.D. Ga. Jan. 26, 2023).

On April 3, 2023, this Court joined the Northern and Southern Districts and permanently enjoined Plaintiff in identical fashion (hereinafter, the "April 3rd Injunction"). ECF No. 15 at 14-16. The Court also dismissed Plaintiff's Complaint in this case for failing to comply with the Northern District Injunction's requirement to submit a copy of the injunction and his litigation history with the filing of his Complaint. ECF No. 15 at 4. Approximately a month later, Plaintiff requested that the Court vacate or reconsider that

2

order (ECF Nos. 18, 20).  The Court denied these motions (ECF Nos. 19, 22).[1]  Well over a year later—on September 20, 2024—the Court received Plaintiff's notice of appeal in this case (ECF No. 25).  The Eleventh Circuit deemed the notice of appeal timely pursuant to the prison mailbox rule (ECF No. 31), and at the time he filed his motion in this Court, the appeal was pending before the Eleventh Circuit Court of Appeals.[2]

Plaintiff first seeks relief from judgment under Federal Rule of Civil Procedure 60(b).  Plaintiff argues that under the Supreme Court's recent ruling in *Trump v. CASA*, 606 U.S. 831 (2025), the Northern District Injunction's requirement that he include a copy of the order and a list of every lawsuit he has ever filed with every new lawsuit he files in any other federal court is an improper "universal injunction" which the Northern District lacks jurisdiction to issue.  ECF No. 33 at 4.  Thus, Plaintiff reasons, this Court lacked authority to dismiss the Complaint in this case for failure to comply with the Northern District Injunction.  *Id*. at 9.  In his motion to modify, Plaintiff challenges the litigation history requirement in the April 3rd Injunction for the same reasons he challenges the same requirement in the Northern District Injunction.  ECF No. 34 at 2-6.  He thus requests that the Court "modify its filing Injunction to vacate or remove the requirements that Mr. Daker

---

[1] Plaintiff has filed many motions attempting to vacate or modify the injunctions against him.  *See, e.g., Daker v. Emmons*, Civil Action No. 4:23-cv-00213-SDG, 2025 WL 1304020, at *1 & n.6 (N.D. Ga. May 6, 2025) (describing how Plaintiff "has repeatedly sought to vacate the Injunction or obtain relief from it" in the Northern District).  Indeed, the Southern District concluded that Plaintiff "has sought review of the entry of this Court's injunction and other dismissals under Rule 59 and 60(b) so many times that he violated the filing injunction."  *In re Waseem Daker*, ECF No. 17 at 3 in Case No. 6:25-mc-00001-JRH-CLR (N.D. Ga. Sept. 22, 2025).

[2] It appears that Plaintiff dated his notice of appeal on June 28 or June 29, 2023.  ECF No. 25 at 1.

to include: '(1) a copy of this order, and (2) a list of each and every lawsuit, habeas corpus petition' 'with every lawsuit he files in . . . *any other federal court*[.]'" ECF No. 34 at 6 (emphases and omission in original).

Plaintiff presents four main arguments in support of his conclusion that the Northern District Injunction and the April 3rd Injunction are unlawful:  (1) "a universal Injunction exceeds the Court's 'case or controversy' jurisdiction under Article III of the Constitution," (2) neither the Judiciary Act of 1789 nor any other statute "gives the Northern District of Georgia or any other district court jurisdiction to decide what Plaintiff (or anyone else) must file in any other federal courts," (3) "a district court's inherent power to manage its *own docket* does <u>not</u> translate into the power to manage *the dockets of each and every other federal court*," and (4) "federal courts do not have jurisdiction to issue advisory opinions over cases that have not yet been filed," so the instructions found in the injunction are inherently improper because they direct Plaintiff to take action in relation to the filing of future complaints.  ECF No. 33 at 5-8 (emphases in original); *see also* ECF No. 34 at 3-6.

On January 9, 2026, the Eleventh Circuit Court of Appeals issued its opinion affirming the Court's dismissal of this case (ECF No. 39), and the mandate issued on March 27, 2026 (ECF No. 41).  Plaintiff raised each of the jurisdictional arguments he raises in his pending motions in this case in his brief to the Eleventh Circuit.  *See Daker v. Comm'r, Ga. Dep't of Corr.*, Appeal No. 24-13074, ECF No. 21 at 29-32 (11th Cir. Sept. 12, 2025). The Eleventh Circuit rejected Plaintiff's argument that the Northern District's injunction ran afoul of the Supreme Court's decision in *CASA*, plainly stating, "We do not believe

that the Northern District's filing injunction is barred by *CASA*."  ECF No. 39 at 4-5 (citing *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993)).

It is thus clear that Plaintiff's Rule 60 motion raises only those claims that the Eleventh Circuit considered and rejected when it affirmed the underlying judgment.  This Court does not have jurisdiction to alter the mandate of the Eleventh Circuit Court of Appeals "on the basis of matters included or includable in [Plaintiff's] prior appeal."  *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982) (first citing *Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32, 34 (2d Cir. 1979) ("The court of appeals' rulings are the law of the case, and the district court is bound to follow them; it has no jurisdiction to review or alter them."); then citing *Tapco Prods. Co. v. Van Mark Prods. Corp.*, 466 F.2d 109, 110 (6th Cir. 1972)); *see also Bernheim v. Jacobs*, 144 F. App'x 218, 221 (3d Cir. 2005) (noting that "a Rule 60(b) motion based on matters that were before the court on appeal . . . may not be reviewed subsequently by the district court"); *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 159 (5th Cir. 1990) (holding that Rule 60(b) was not appropriate where "the issue on which [plaintiff] asks the district court for relief from final judgment was included in his prior appeal and decided against him" because plaintiff could "not ask now for the district court to rule again on the very issues decided on appeal").  Plaintiff's Rule 60 motion (ECF No. 33) is accordingly **DENIED.**

The Court also declines to modify the April 3rd Injunction to eliminate the litigation history requirement.  The Eleventh Circuit already affirmed the Northern District Injunction, which is "identical" to the April 3rd Injunction, and soundly rejected each of Plaintiff's reasons for removing the litigation history requirement from the Northern

District Injunction.  ECF No. 39 at 4-5; *see also Daker v. Governor of Ga.*, No. 20-13602, 2022 WL 1102015, at \*2 (11th Cir. 2022).  Given the Eleventh Circuit's rulings, there is simply no reason for the Court to modify the April 3rd Injunction.  Plaintiff's motion (ECF No. 34) is therefore **DENIED.**

**SO ORDERED**, this 7th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT